UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) GARY CEDERQUIST,<br>(2) CALVIN BUTNER,<br>(3) PERRY MENDES,<br>(4) JOEL ROGERS,<br>(5) SCOTT CAMARA, and<br>(6) ERIC MATHISON,<br><br>                    Defendants. | Case No. 24-cr-10024-IT |

DEFENDANT JOEL ROGERS' TRIAL BRIEF

The Trial Brief addresses the potential legal and evidentiary issues that may arise at trial scheduled to begin on April 14, 2025. Section II addresses potential legal issues involving the allegation against Mr. Rogers brought under the federal conspiracy statute, Conspiracy to Falsify Records (18 U.S.C. § 371), which criminalizes any conspiracy "to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose."

Section III addresses possible legal and evidentiary issues that may arise at trial, including admissibility of co-conspirator statements and improper spillover effect. As explained in more detail below, a joint trial of Rogers with co-defendants will unfairly prejudice Rogers by exposing the jury to a wide range of highly prejudicial and inflammatory information and evidence about co-defendants — the vast majority of which is wholly unconnected to Rogers. The introduction of this highly prejudicial and inflammatory information at a joint trial involving

1

Rogers would undermine the jury's ability to make a separate, independent and reliable judgment regarding his guilt or innocence. Moreover, including Rogers in a joint trial with co-defendants will seriously prejudice Rogers' constitutional rights through the potential admission of out-of-court statements made by defendant Cederquist and other co-defendants. There is no like kind evidence of statements made by Rogers that is anticipated to be introduced by the Government. The admission of these out-of-court statements made by his Co-defendants will compromise Rogers' Sixth Amendment right to confront the witnesses against him and would further prevent a jury from rendering a reliable verdict as to him in this case. Therefore, the appropriate remedy is a severance of these trials because a curative instruction will not cure these constitutional errors.

## II. CHARGED OFFENSES

The federal conspiracy statute, 18 U.S.C. § 371, criminalizes any conspiracy "to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose ." While fraud typically means to deprive an individual of money or property, for the purpose of § 371, fraud can also include a "conspiracy to interfere with government functions." *United States v. Goldberg*, 105 F. 3d 770, 773 (1st Cir. 1997).

Section 371 has survived several challenges claiming that the statute is unconstitutionally void on its face. However, time and again, courts have noted special concerns about § 371, particularly when the alleged fraud is an interference with governmental functioning. As stated by numerous courts, § 371 has a special capacity for prosecutorial abuse because of its extraordinarily broad language. *Dennis v. United States*, 384 U.S. 855, 860 (1966); *Goldberg,* 105 F. 3d at 773; *United States v. Rosenblatt*, 554 F.2d 36, 41 n. 6 (2d Cir. 1977) ("[t]he potential for abuse in allowing the government to manipulate prosecution by easy

2

access to the conspiracy-to-defraud clause is clear"). "In addition to the 'danger [of injustice] inherent in a criminal conspiracy charge,' the defraud section of 371 has a special capacity for abuse because of the vagueness of the concept of interfering with proper government function." *Goldberg*, 105 F.3d at 775, quoting *Dennis*, 384 U.S. at 860. "The terms 'conspiracy' and 'defraud,' when used together, have a peculiar susceptibility to a kind of tactical manipulation which shields from view very real infringements on basic values of our criminal law." *Rosenblatt*, 554 F.2d at 40, internal citations omitted.

Because of the special capacity for abuse, to find an individual guilty under this statute, a federal prosecutor must show a criminal defendant did more than simply interfere with a governmental program. *Haga*, 821 F.2d at 1040. "[C]ourts must remain alert to subtle 'attempts to broaden the already pervasive and wide-sweeping nets of conspiracy prosecutions.'" *Rosenblatt,* 554 F.2d at 40, quoting *Grunewald v. United States*, 353 U.S. 391, 404 (1957). Court have rejected invitations to imbue the clause with 'infinite elasticity,' *Haga*, 821 F.2d at 1045 n.17, and instead "scrutinize [indictments] carefully to determine whether [they] sufficiently and properly allege criminal conduct in violation' of § 371." *United States v. Barker Steel Co. Inc.*, 985 F. 2d 1123, 1129 (1st Cir.1993).

**1)  *Elements of criminal conspiracy under* 18 U.S.C. § 371.**

In order to find a defendant guilty of a criminal conspiracy under 18 U.S.C. § 371, a prosecutor must allege and prove at a minimum: (1) the existence of an agreement; (2) that the defendant willfully joined the conspiracy; and (3) someone in the conspiracy committed an overt act in furtherance of the conspiracy. *United States v. Piper*, 35 F. 3d 611, 614-15 (1st Cir. 1994); *United States v. Rivera-Santiago*, 872 F. 2d 1073, 1079-80 (1st Cir. 1989). The fraud must be the purpose or object of the scheme and not just a foreseeable consequence. *Goldberg*,

3

105 F. 3d at 770. The conduct must fall plainly and unmistakably within the proscription of the statute. *Haga*, 821 F.2d at 1040.

To survive a court's pre-trial scrutiny, "an indictment charging a conspiracy 'to defraud the United States' must do more than simply charge a conspiracy, an overt act, and the object of 'impairing, obstructing, or defeating the lawful function of any department of Government.'" *Barker Steel Co. Inc.*, 985 F.2d at 1137. "[A] criminal prosecution under the 'conspiracy to defraud' clause requires a showing of more than completely external interference with the working of a governmental program or disregard for federal laws.'" *Haga*, 821 F. 2d at 1040. "[T]he conspiracy count can stand only if the government can point to some lawful function which has been impaired, obstructed, or defeated." *United States v. Porter*, 591 F.2d 1048, 1055-56 (5th Cir. 1048).

Moreover, the law of conspiracy requires agreement as to the 'object' of the conspiracy.' This does not mean that the conspirators must be shown to have agreed on the details of their criminal enterprise, but it does mean that the 'essential nature of the plan' must be shown." *Rosenblatt*, 554 F.2d at 36, quoting *Blumental v. United States*, 332 U.S. 539, 557 (1947). "Proof of the essential nature of the plan is required because 'the gist of the offense remains the agreement, and it is therefore essential to determine what kind of agreement or understanding existed as to each defendant.'" *Rosenblatt*, 554 F.2d at 39, quoting *United States v. Borelli*, 336 F.2d 376, 384 (2nd Cir. 1964).

The government needs to allege and show that there is a central agreement or plan, *United States v. Dellosantos*, 649 F.3d 109,111 (1st Cir. 2011). The fraud has to be the purpose of object of the scheme, not just a foreseeable consequence. *Goldberg*, 105 F.3d at 773, citing *Dennis*, 384 U.S. at 861.

2) *The indictment fails to allege that the defendant willfully joined the conspiracy with the required intent.*

The essence of a criminal conspiracy is the agreement to act in concert. *United States v. Paret-Ruiz*, 567 F.3d1, 5 (1st Cir. 2009); *United States v. Cruz*, 568 F.2d 781, 782 (1st Cir. 1978). The government must plead and show that those involved in the conspiracy had a common goal. *Dellosantos*, 649 F.3d at 111. "Innocent third parties may be the unwitting instruments of a conspiracy." *Goldberg*, 105 F.3d at 773. Because a conspiracy has the capability of including the innocent and the guilty, each alleged co-conspirator must join the conspiracy willfully and with a shared general understanding about the crime. *Piper*, 35 F.3d at 614-15. To act willfully is to act voluntarily, intelligently, and with the specific intent to commit the crime – to act with a bad purpose either to disobey or disregard the law and not act by ignorance, accident, or mistake. *United States v. Monteiro*, 871 F.2d 204, 208-09 (1st Cir. 1989). In other words, each co-conspirator must have the same purpose and agree about the essential nature of the scheme.

### III. POTENTIAL LEGAL / EVIDENTIARY ISSUES

**1) GUILT BY ASSOCIATION IS AN INHERENT RISK FOR DEFENDANT ROGERS**

The Supreme Court made it clear in *Zafiro* supra, 506 U.S. at 539, that a severance should be granted when there is "a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence." In this case, it is unlikely that a jury can make a reliable judgment about Rogers in a joint trial. The proper focus is whether the evidence will permit a jury to compartmentalize the evidence and consider it for its proper purposes. *United States v. Abrahams*, 466 F. Supp. 552, 554 (D. Mass. 1978).

In this case, because a jury will not be able to compartmentalize the evidence that will be presented, there is a severe risk of spillover. In a case involving several defendants, the court must take care that evidence against one defendant is not misinterpreted by the jury and used as the basis for convicting another defendant not connected to that evidence. *United States v. Flaherty*, 668 F.2d at 582.

2) **ROGERS WILL BE UNFAIRLY PREJUDICED BY STATEMENTS MADE BY CO-DEFENDANTS**

Rogers should also be severed from co-defendants due to the unfair prejudice that will be created by statements attributed to his co-defendants. Specifically, the government apparently intends to produce at trial evidence of dealings and text messages between co-defendants and various witnesses to which Rogers had no awareness or involvement in. Although such statements may well be admissible against co-defendants, they should not be admissible against Rogers if they were not made in furtherance of the conspiracy alleged in the indictment.

For example, the Government intends to introduce evidence of a conspiracy between defendants CEDERQUIST, BUTNER, MENDES and MATHISON (Not ROGERS) alleging defendant Cederquist obtained a 'stream of benefits to which he was not entitled' from Mathison, with the assistance of Butner and Mendes 'in exchange for Cederquist giving preferential treatment to Persons Affiliated with the Water Company."

These statements would not be admissible against Rogers in a separate trial until the government establishes that they were made in furtherance of a conspiracy that Rogers willingly joined. Fed. R. Evid. 801(d)(2)(E); *United States v. Williams*, 272 F.3d 845, 859-60 (7th Cir. 2001). There is no evidence that Rogers conspired with the other four defendants in this conspiracy, let alone that Rogers knew Cederquist had ever received any form of "stream of benefits."

A number of the Government's proposed witnesses will not offer any relevant testimony as to the charges against Mr. Rogers. This Indictment alleges multiple additional conspiracies not involving Mr. Rogers and many of the Government's proposed witnesses will offer testimony related to those conspiracies, none of which would be admissible against him if he were tried separately. Fed. R. Evid. 402; Fed. R. Evid. 403.

3) **ROGERS' DEFENSE WILL BE ANTAGNOSTIC TO CO-DEFENDANT'S**

While mutually antagonistic defenses are not per se prejudicial, the Court should grant severance where the " 'mutually antagonistic' defenses ... conflict to such a degree that co-defendants are denied a fair trial." *United States v. Cardascia,* 951 F. 2d 474, 484 (2nd Cir. 1991).

A joint trial in this case would deny defendant Rogers a fair trial because it would "introduce what is in effect a second prosecutor into [the] case, by turning each co-defendant into the other's most forceful adversary." *Zafiro v. United States,* 506 U.S. 544 (Stevens, J., concurring). See also, *United States v. Romanello,* 726 F. 2d 173, 182 (5th Cir. 1984) ("the dangers inherent in joint trials become intolerable when the co-defendants become gladiators, ripping each other's defense apart. In their antagonism, each lawyer becomes the government's champion against the co-defendant and the resulting struggle leaves both defendants vulnerable to the insinuation that a conspiracy explains the conflict").

In this case, the allegation brought against defendant Rogers is under the federal conspiracy statute, 18 U.S.C. § 371. The numerical difference between the allegation brought against defendant Rogers juxtaposed with the other sixty-eight (68) counts brought against the other collective defendants is sufficient to establish the high likelihood that defendant Rogers will suffer extreme prejudice.

Furthermore, severance is necessary to prevent statements of any non-testifying Co-Defendant from being admitted against him in violation of his sixth amendment rights to confront and cross-examine the witnesses and evidence against him, *see Bruton v. United States,* 391 U.S. 123, 135-37 (1968) *and United States v. Vega Molina,* 407 F.3d 511, 521-22 (1st Cir.), *cert. denied,* 546 U.S. 919 (2005). *See also Crawford v. Washington,* 541 U.S. 36 (2004).

## CONCLUSION

This brief is meant to serve as an overview of potential legal and evidentiary disputes that may arise at trial specific to Defendant, Joel Rogers. While not meant to address all potential legal issues that may arise at trial, this brief outlines the likely issues based on a review of the evidence and motions in limine filed by the parties.

    Respectfully submitted,
    For Defendant Rogers
    By His Attorney,

    */s/ Timothy M. Burke*
    Timothy M. Burke, Esq., BBO #065720
    LAW OFFICES OF TIMOTHY M. BURKE
    117 Kendrick Street, Suite 300
    Needham, MA 02494
    (781) 455-0707

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on this date. Email copies will be sent to those listed as non-participants on the ECF system.

Dated: 04/02/2025                                */s/ Timothy M. Burke*