UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    v.<br><br>JOEL ROGERS,<br><br>                    Defendant. | Case No. 24-cr-10024-IT-4 |

**JOINT MOTION FOR CONTINUANCE OF PROCEEDING
AND EXCLUSION OF DELAY UNDER THE SPEEDY TRIAL ACT**

Under Title 18, United States Code, Sections 3161(h)(2) and 3161(h)(7)(A), the United States and Defendant Joel Rogers jointly move this Court: (1) to approve the deferral of this prosecution for, and the period of delay associated with, the defendant's entrance into a deferred prosecution agreement (the "DPA"), attached as Sealed Exhibit A; and (2) to enter an order continuing this criminal case as to Defendant Rogers for the term of the deferral outlined below and excluding the resulting delay from the time within which the trial of the offenses charged in the indictment in this matter (the "Indictment"), as they apply to Defendant Rogers, must commence. In support of this motion, the parties state as follows:

1. Defendant Rogers has entered into a DPA with the United States. Pursuant to the DPA, Defendant Rogers is subject to various conditions from the date the DPA is approved by the Court until the date on which judgment is entered as to the last of all other defendants in *United States v. Cederquist, et al.*, 24-cr-10024-IT, by the District Judge.

2. The United States does not intend to go forward with prosecution of this case against Defendant Rogers provided that Defendant Rogers abides by the terms of the DPA. However, if Defendant Rogers fails to abide by the conditions of the DPA, the United States will request that this case be returned to the Court's calendar. If Defendant Rogers complies with the

DPA, the United States will move to dismiss the pending charge against Defendant Rogers in this case.

3. Section 3161(h)(2) of Title 18 permits a court to exclude any "period of delay during which prosecution is deferred by the attorney for the Government pursuant to written agreement with the defendant, with the approval of the court, for the purpose of allowing the defendant to demonstrate his good conduct." Section 3161(h)(7)(A) permits the exclusion of any delay resulting from a continuance granted by any judge if the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. In this case, a delay of the proceedings will allow Defendant Rogers to take responsibility for his conduct, avoid consequences and burdens on third parties, and efficiently resolve the prosecution.

Accordingly, the parties respectfully request the Court to: (a) approve the deferral of this prosecution and the associated period of delay, under 18 U.S.C. § 3161(h)(2); and (b) enter an order directing that any period of delay associated with the DPA be excluded in computing the time within which the trial of the charged offense(s) must commence, under 18 U.S.C. §§ 3161(h)(2) and 3161(h)(7)(A).

Respectfully submitted,

| | |
|---|---|
| JOEL ROGERS<br>By his attorneys, | UNITED STATES OF AMERICA,<br>By its attorney, |
| */s/ Timothy M. Burke*<br>Timothy M. Burke<br>Jared S. Burke<br>Law Offices of Timothy M. Burke<br>117 Kendrick Street, Suite 300<br>Needham, MA 02494<br><br>Dated: April 13, 2025 | LEAH B. FOLEY<br>United States Attorney<br><br>*/s/ Adam W. Deitch*<br>Christine Wichers<br>Adam W. Deitch<br>Assistant United States Attorneys |

**CERTIFICATE OF SERVICE**

      Undersigned counsel certifies that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                            */s/ Adam W. Deitch*
                                            ADAM W. DEITCH
                                            Assistant United States Attorney

Dated: April 13, 2025